# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 07-20052** |
| **VERSUS** | * | **JUDGE HAIK** |
| **LOVELESS BELL MILSON (01)** | * | **MAGISTRATE JUDGE METHVIN** |

### *RULING ON MOTION TO STRIKE SURPLUSAGE*
*(Rec. Doc. 211)*

On September 12, 2007, defendant Loveless Bell Milson was charged along with six co-defendants in a 25-count superceding indictment. Before the court is Milson's Motion to Strike Surplusage.  The government opposes the motion.[1]  For the following reasons, Milson's motion is DENIED.

### *Background*

The challenged language appears in Count 1, charging defendants with conspiracy to possess with intent to distribute controlled substances.  The object of the conspiracy is described as "an illegal scheme for profit, during which [defendants] would identify potential targets for burglaries and home invasion robberies, and organize themselves to effect these crimes .... On occasion the targets were known drug traffickers and the goal of the activity was the misappropriation of controlled substances and drug proceeds."[2]  The object of the conspiracy also references Milson traveling to Houston to "obtain substantial quantities of Methylenedioxy Amphetamine or 'Ecstasy' tablets, which he distributed in Lafayette Parish."  The overt act section of the conspiracy charge describes a home invasion on March 14, 2002, when two of Milson's co-defendants forcibly entered the home of Lance Breaux and Nicole Hollier, "and

---

[1] Rec. Doc. 214.

[2] Rec. Doc. 102.

raped and took from the person of and in the presence of Nicole Hollier the keys for Lance Breaux's 1998 Plymouth Breeze automobile and two (2) .22 caliber rifles by actual and threatened use of force."[3]  The overt acts also include Counts 2-23:

Count 2:  possession with intent to distribute cocaine base;

Count 3:  possession with intent to distribute marijuana;

Counts 4, 7, 20:  attempted interference with commerce by robbery;

Counts 5, 8, 11, 18, 21:  possession and carrying of a firearm during a crime of violence;

Counts 6, 9, 12, 15, 19, 22, 25:  possession of a firearm by a convicted felon;

Count 10:  interference with commerce by robbery;

Count 13:  possession with intent to distribute cocaine;

Count 14, 17, 24:  possession of a stolen firearm;

Count 16:  attempt to possess with intent to distribute marijuana;

Count 23:  attempt to possess with intent to distribute methylenedioxy amphetamine.[4]

On December 19, 2007, the trial of Milson was severed from the co-defendants upon motion by the government that such a severance was necessary because Milson's confession implicates other defendants and that confession will be used by the government at trial.[5]

### *Issues Presented*

Milson moves to strike the following language under the "Overt Acts" and "Object of the Conspiracy" in Count 1: the description of the robbery and rape of a woman; the reference to

---

[3] Id

[4] Rec. Doc. 102.

[5] Rec. Doc. 139, 151, 152.

Counts 2 and 3 as overt acts; and the allegation regarding Milson's traveling to Houston to obtain methylendioxy amphetamine.

### *Law and Analysis*

Fed. R.Crim. Proc.  Rule 7(d) allows a court to "strike surplusage from the indictment or information."  "For language to be struck from an indictment, it must be irrelevant, inflammatory, and prejudicial."  United States v. Graves, 5 F.3d 1546, 1550 (5th Cir.1993).  "The inclusion of clearly unnecessary language in an indictment that could serve only to inflame the jury, confuse the issues and blur the elements necessary for conviction can be prejudicial." United States v. Bullock, 451 F.2d 884, 888 (5th Cir.1971).  This standard is "exacting"and as a result motions to strike surplusage are rarely granted.  Id.

The fact that information in the indictment is not an element of the charged offense does not require that it be stricken.  U.S. v. Alexander, 2008 WL 2130185 (W.D.La.) ("This language was cited approvingly by the Fifth Circuit in United States v. Solomon, 2001 WL 1131955, 1 (5th Cir.2001) (unpublished).").  Language that is relevant to the motive should not be stricken. Graves, 5 F.3d at 1550; U.S. v. Scarpa, 913 F.2d 993 (2d Cir. 1990).  Likewise, language that is relevant to the offense and describes ways the conspiracy was to be accomplished should not be stricken as surplusage.  Alexander, supra, *citing* United States v. Palazzo, 2007 WL 3124697, 10 (E.D.La., 2007).

### *Overt act regarding robbery and rape*

Milson argues that the allegation in the "Overt Acts" section of Count 1 regarding the robbery and rape of Nicole Hollier by his co-defendants is irrelevant because he did not participate in that crime and it was not an act in furtherance of the conspiracy.  Milson argues:

The government names two persons involved in the overt act. Your defendant is not named nor is there a scintilla of discovery evidence which indicates your defendant was involved or had any reason to know about the rape. Further, all evidence from the victim's statements and scientific tests results prove there was only one perpetrator and it was not the defendant.

The government including this outrageous account is alleging that the rape was an aspect of the conspiracy. Your defendant maintains such an act was outside the course and scope of the alleged conspiracy and can not be attributable to an alleged coconspirator. It is not an overt act in furtherance of the conspiracy.[6]

In Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946), "the Supreme Court held that a conspirator can be found guilty of a substantive offense committed by a co-conspirator and in furtherance of the conspiracy, so long as the co-conspirator's acts are reasonably foreseeable." United States v. Mata, 491 F.3d 237, 242 n. 1 (5th Cir. 2007); *see also* United States v. Thomas, 348 F.3d 78, 84-85 (5th Cir. 2003) (applying Pinkerton ). Thus, "any crime perpetrated by a co-conspirator in furtherance of the conspiracy or constituting a foreseeable consequence of the conspiracy subjects the defendant to criminal liability for that crime." U.S. v. Britt, 112 Fed. Appx. 352 (5th Cir. 2004) *citing* Thomas, supra.

The issue of whether the offense committed by a co-conspirator was in furtherance of, or was a foreseeable consequence of, the conspiracy is a determination to be made by the jury. Fifth Circuit Pattern Jury Instructions: Criminal, § 2.22 (2001).

Here, the government has charged Milson with a conspiracy involving possession with intent to distribute controlled substances, and with home invasion robberies for the purpose of obtaining drugs and weapons. Whether the alleged rape by one of Milson's co-defendants during one of the home invasions was a foreseeable consequence of the conspiracy is an issue for the

---

[6] Rec. Doc. 211-3 at p. 3.

jury – not one for the court to decide on a motion to strike.  Milson's compelling arguments made in the instant motion may form the basis of his defense to the allegations that the rape was a foreseeable consequence of the conspiracy, however, they are not grounds for striking the language from the indictment.

### *Language regarding Milson's Houston trips and incorporation of Counts 2 & 3 in conspiracy*

Milson argues that the language regarding his traveling to Houston to obtain methylendioxy amphetamine is  unfounded and not connected to the conspiracy.  This language describes the object of the conspiracy and the overt acts of accomplishing it.  Milson is charged with conspiring to distribute methylendioxy amphetamine, cocaine base, cocaine, and marijuana and the language challenged by defendant directly relates to his participation in the scheme by obtaining the methylendioxy amphetamine in Houston, and by possessing with intent to distribute cocaine base and marijuana.  Defendant's argument that the allegations are unfounded and/or unconnected to the conspiracy are defenses to be raised at trial.  The challenged language describes the manner in which the conspiracy was allegedly carried out, and is not "irrelevant, inflammatory, and prejudicial."  Graves, 5 F.3d at 1550.

Milson also argues that the incorporation of Counts 2 and 3 in the conspiracy charge should be stricken because those counts are "State offenses which were dismissed," and there is "no evidence of a police report, a witness statement, a docket number, or a bill of information" in the discovery.[7]  It is important to note that the conspiracy charge incorporates all counts of the indictment, not just Counts 2 and 3.  Moreover, the fact that a related state charge may have been refused or *nolle prossed* by a local district attorney is irrelevant.  The federal grand jury found

---

[7] Rec. Doc. 211-3 at p. 5.

probable cause to charge Milson with Counts 2 and 3. It is for the petit jury to determine if the government meets its burden of proving that defendant committed the charges in Counts 2 and 3. Thus, striking the reference to these counts would be improper.

### *Conclusion*

Considering the strict standard for striking language, and for the above reasons, the Motion to Strike Surplusage filed by the defendant, Loveless Milson, is **DENIED**.[8]

Signed at Lafayette, Louisiana, on July 22, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

---

[8] It is noted that the defendant's complained-of evidentiary problems that may arise due to the allegations in Count 1 can be avoided by summarizing the indictment at the beginning of trial rather than reading it in its entirety. During the course of trial, defendant can object to the evidence that he maintains is inadmissable. Any evidence that it is held inadmissable may be stricken from the indictment on motion by the defendant prior to the indictment being read to the jury before jury deliberations.