UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 07-cr-20052** |
| **-vs-** | **JUDGE DRELL** |
| **LOVELESS MILSON (01)** | **MAGISTRATE JUDGE PEREZ-MONTES** |

**RULING AND ORDER**

Before the court is Loveless Milson's "Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)" (Doc. 765), in which he requests a reduction in sentence or early release because his sentence would have been less had he been sentenced today. For the following reasons, the motion is **DENIED**.

I. BACKGROUND

Milson and six co-defendants were initially charged by a federal grand jury in a 23-count indictment on May 11, 2007. In September 2007, the grand jury issued a 25-count superseding indictment for crimes associated with a drug conspiracy, burglaries and home invasion robberies. Milson was personally charged in all counts. (Doc. 101).

On September 30, 2008, Milson entered a plea of guilty to Counts 4, 5, and 8, of the superseding indictment. (Doc. 250). On May 5, 2009, Milson was sentenced to 84 months on Count 4, 7 years on Count 5 to run consecutively to Count 4 and 25 years on Count 8 to run consecutively to all other counts for a total of 39 years imprisonment (Doc. 318).

Since then, Milson has filed numerous motions to vacate under 28 U.S.C. § 2255 (Doc. 600, 670, 680) and a prior compassionate release motion in which he requests reduction of his sentence (Doc. 705).

## II. LAW AND ANALYSIS

"A court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction." United States v. Chambliss, 948 F.3d 691, 692-693 (5th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i).

"The First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), allows a prisoner to move for a sentence reduction under certain circumstances. One such circumstance is when "extraordinary and compelling reasons warrant" a sentence reduction." United States v. Escajeda, 58 F. 4th 184, 186 (5th Cir. 2023). As explained recently by the Fifth Circuit:

> Under settled Fifth Circuit precedent, "extraordinary" means "'beyond or out of the common order,' 'remarkable,' and synonymous with 'singular.'" The term "'[c]ompelling' is a participle of "compel" which means "to drive or urge with force, or irresistibly," "to force," and "to subjugate.'" Thus prisoners have extraordinary and compelling reasons for relief "only when they face some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique in the life of the prisoner.

United States v. Austin, 125 F.4th 688, 691-92 (5th Cir. 2025) (internal citations omitted).

Milson argues that he entitled to a reduction in sentence because of: changes to 18 U.S.C. § 924(c)'s stacking provision being eliminated by the First Step Act in 2018; the Supreme Court's decision of United States v. Davis, 588 U.S. 445 (2019) in which the Court determined the "residual clause," which defined a "crime of violence" under 18 U.S.C. § 924(c)(3), was unconstitutionally vague; and the Supreme Court's decision in United States v. Taylor, 596 U.S. 845 (2022) in which the Court held that attempted Hobbs Act robbery did not qualify as a crime of violence as a predicate offense for a felony conviction and enhanced sentence for using a firearm

in furtherance of a crime of violence. Thus, if he were facing sentencing today, he would not be sentenced as harshly. We disagree.

It has long been held that habeas corpus is the exclusive remedy for challenging the legality of a prisoner's confinement. Preiser v. Rodriguez, 411 U.S. 475 (1973) and Heck v. Humphrey, 512 U.S. 477 (1994). The Fifth Circuit has expressly found the habeas-channeling rule prevents a prisoner from using compassionate release "to challenge the legality or the duration of [a defendant's] sentence." United States v. Escajeda, 58 F.4th 184, 187 (5th Cir. 2023). Since that decision, the Supreme Court held in Fernandez v. United States, 608 U.S. 411 (2026) that a prisoner who collaterally attacks the validity of his conviction must proceed through 28 U.S.C. § 2255 and Rutherford v. United States, 608 U.S. 454 (2026) which holds that Congress' nonretroactive change to § 924(c) cannot make a prisoner eligible for compassionate release." Id. at 1335. In light of the foregoing and the fact that all of Milson's claims are nothing more than an attack on his sentence, his motion is not cognizable here.

Even if Milson were to obtain permission to file another § 2255 motion, such motion would be denied. His argument regarding "stacking" of multiple 18 U.S.C. § 924(c) offenses, and the amendment to § 924(c) by the First Step Act is not cognizable here as it is attacks a nonretroactive change in the law. As already explained by this court, in our May 14, 2020 order entitled "First Step Act Judgment," the First Step Act's changes to § 924(c) are not retroactive to Milson as he was sentenced long before the First Step Act was enacted. See Hewitt v. United States, 606 U.S. 419 (2025). A non-retroactive change in the law is not an extraordinary or compelling reason justifying compassionate release. United States v. Austin, 125 F.4th 688,692 (5th Cir. 2025). Moreover, in Rutherford v. United States, 146 S.Ct 1320 (2026), the Supreme Court held that

"Congress' nonretroactive changes to § 924(c) – considered by itself or in combination with other factors – cannot make a prisoner eligible for compassionate release." Id. at 1335.

Milson's claims that Davis and/or Taylor provide an avenue for relief also fail. Counts 5 and 8 name two predicate offenses: drug trafficking and attempted Hobbs Act robbery.

Count 5 provides:

> On or about the 26th day of June, 2003, at Lafayette Parish in the Western District of Louisiana, the defendants ..., each aiding and abetting the other, knowingly carried and possessed a firearm, to wit: unknown semiautomatic pistols during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, **to wit: Conspiracy to Possess with intent to Distribute Controlled Substances as alleged in Count 1**, and a crime of violence for which they may be prosecuted in a court of the United States, to wit: Attempted Inference with Commerce by Robbery as alleged in Count 4 above, in violation of Title 18, United States Code, Sections 924(c)(1) and 2. [18 U.S.C. §§ 924(c)(1) and 2].

(Emphasis added). (Doc. 101, p. 5-6).[1] Count 8 provides:

> On or about the 11th day of July, 2003, at Lafayette Parish in the Western District of Louisiana, the defendants... and a herein unindicted coconspirator, each aiding and abetting the other, knowingly carried and possessed a firearm, to wit: a Hi-Point Model JH45 .45 caliber semiautomatic pistol (Serial Number: 324458) and an unknown semiautomatic pistol believed to be a 9 mm, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, **to wit: Conspiracy to Possess with Intent to Distribute Controlled Substances, as alleged in Court 1**, and a crime of violence for which they may be prosecuted in a court of the United States, to wit: Interference with Commerce by Robbery as alleged in Count 7 above, in violation of Title 18, United States Code, Sections 924(c)(1) and 2 [18 U.S.C. §§ 924(c)(1) and 2].

Thus, even if attempted Hobbs Act robbery can no longer be relied upon as a predicate offense, possession of a firearm during a drug trafficking offense still remains. Accordingly, a basis for the enhanced sentence remains.

[1] Count 5 of the superseding indictment references Count 2 as the Attempted Interference with Commerce by Robbery. We have corrected the text here to reflect the count as it appears in the amended superseding indictment which is Count 4. (See Doc. 290, 295).

To the extent that Mison is claiming his motion for compassionate release should be granted because he has aged and is no longer a threat to the public. His summary, unsupported statements do not constitute extraordinary and compelling reasons warranting relief. There is nothing which indicates that his sentence would be any different had he been sentenced today. Milson and his codefendants wreaked havoc in his community committing robberies, stealing and toting guns, and engaging in drug trafficking. He possessed a firearm during drug trafficking. He has a lengthy criminal history. The sentence imposed took these factors into consideration. The sentence imposed reflects a punishment that will protect the public from future crimes and deter similar criminal conduct.

III. CONCLUSION

For the reasons articulated herein, it is hereby

**ORDERED** that Milson's "Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)" (Doc. 765) is **DENIED**.

**THUS DONE AND SIGNED** at Alexandria, Louisiana this 28th day of October 2026.

**DEE D. DRELL, SENIOR JUDGE**
**UNITED STATES DISTRICT COURT**